**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANTE JACKSON,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 16-3892** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2018, upon consideration of the Plaintiff's Motion for Leave to Amend the Caption and Complaint, and Defendant's Response in Opposition, it is **HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANTE JACKSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 16-3892** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO
AMEND THE CAPTION AND COMPLAINT**

Defendants hereby file this Response in Opposition to Plaintiff's Motion to Amend
the Caption and Complaint.  In support of this response, the Defendants incorporate the
attached Memorandum of Law.  Defendants respectfully request that this Court deny
Plaintiff's Motion to Amend.

Date:  January 22, 2018                          Respectfully submitted,


                                                 /s/ Shannon Zabel
                                                 Shannon Zabel
                                                 Assistant City Solicitor
                                                 Pa. Attorney ID No. 321222
                                                 City of Philadelphia Law
                                                 Department
                                                 1515 Arch Street, 14th Floor
                                                 Philadelphia, PA 19102
                                                 215-683-5114 (phone)
                                                 215-683-5397 (fax)
                                                 shannon.zabel@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **DANTE JACKSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 16-03892** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIF'S MOTION TO
AMEND THE CAPTION AND COMPLAINT</u>**

Plaintiff Dante Jackson seeks to amend his complaint for the fourth time, while multiple Motions to Dismiss are currently pending before the Court.  Plaintiff has been given ample opportunities, with the assistance of counsel, to name the proper Defendants in this action and serve them within the statute of limitations and pursuant to the Federal Rules of Civil Procedure.  Despite these opportunities, Plaintiff now moves to amend the complaint for a fourth time, and add a new Defendant, nearly three and a half years after the alleged conduct that forms the basis of his complaint.

As set out below, Plaintiff's motion should be denied because: (1) proposed Defendant O'Neill and named Defendants would be substantially prejudiced by amendment to the pleadings at this time; (2) Plaintiff has repeatedly failed to cure the deficiencies in his complaints despite ample time and opportunity over the course of a year and a half; (3) and amendment of the complaint would be futile as the statute of limitations

has run and Plaintiff is unable to demonstrate the requirements of relation back in Fed. R. Civ. P. 15.  Accordingly, the Court should deny Plaintiff's motion.

**I.    PROCEDURAL HISTORY**

Plaintiff filed a complaint on July 18, 2016, wherein he named as Defendants the City of Philadelphia, Warden Karen Bryant and Correction Officer Tanisha Watkins.  *See* Docket No. 1.  The Court closed Plaintiff's case on July 26, 2016.  *See* Docket No. 2. Plaintiff filed another complaint, as well as an amended complaint on September 22, 2016. *See* Dockets No. 10, 11.  Plaintiff subsequently filed a second amended complaint on October 28, 2016, in which he named as additional Defendants: Correctional Officers Frazier, Wilson, O'Neill, Rosa, and D. Johnson, as well Lieutenant Murray, Corizon, and Sergeant William Hubert.  *See* Docket No. 16.  The second amended complaint was never served on Correctional Officer O'Neill. *See* Docket No. 23.  On June 26, 2017, instead of responding to the motions, Plaintiff filed a third amended complaint[1] wherein he excluded Correctional Officer O'Neill and added "Correctional Officer Thomas O'Neal." *See* Docket No. 27.

On July 10, 2017, Defendants Wilson, Frazier and Watkins filed a Motion to Dismiss and on July 20, 2017, Defendants Hober, O'Neal and Rose filed a Motion to Dismiss. *See* Docket No. 28, 31. On August 11, 2017, the Court granted Plaintiff leave to file a Third Amended Complaint and gave Plaintiff seven days from the date the Order is entered to seek leave for good cause shown to extend the time to serve the three remaining defendants – Defendants Murray, Johnson and Mooney.  *See* Docket No. 35.  Plaintiff filed

---

[1] This Third Amended Complaint was filed without leave of the Court or Defendants' consent.

a motion for extension of time to serve the remaining defendants, which the Court granted. *See* Docket No. 38-39.  On October 16, 2017, Defendants Murray, Johnson and Mooney were served with the Third Amended Complaint, and on October 29, 2017, they filed a Motion to Dismiss the Third Amended Complaint.  *See* Docket No. 40, 41.

Approximately two months later, on January 8, 2018, Plaintiff filed a Motion to Amend the Caption and Complaint for the fourth time.  *See* Docket No. 46.   All Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint are pending before the Court.

## II.   ARGUMENT

### A.  THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND THE CAPTION AND COMPLAINT.

#### 1.   Proposed Defendant O'Neill and Named Defendants Are Substantially Prejudiced by Amendment.

The Third Circuit has held that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, *truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment*.'" *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196–97 (3d Cir. 1994) (emphasis added) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652–53 (3d Cir.1989)

Here, proposed Defendant Michael O'Neill, Jr. would be unduly prejudiced by being added as a defendant to this lawsuit approximately three and a half years after the alleged events in question and nearly a year and a half after the statute of limitations on Plaintiff's claims against him had expired.  Proposed Defendant O'Neill was never given notice of this lawsuit within the statute of limitations time period, and cannot be expected

to defend himself of alleged incidents that occurred over three and a half years ago, of which he was never given notice.

Furthermore, the named Defendants in this case have been prejudiced by a year and a half delay, wherein Plaintiff has been given several occasions to correctly amend and serve Defendants.  Defendants have filed multiple Motions to Dismiss each time that Plaintiff has been granted leave to amend.  There are now several Motions to Dismiss pending before this Court, after Plaintiff filed his Third Amended Complaint in June 2017. Defendants must defend themselves against alleged actions that occurred over three and a half years ago, and subsequently, by the time of trial, will testify about actions that occurred at least four, if not five, years prior.  Therefore, Defendants would be prejudiced by further amendment of the pleadings in this matter.

### 2.  Plaintiff Has Repeatedly Failed to Cure Deficiencies in His Complaints.

Further, even if this Court finds that Defendants and proposed Defendant O'Neill are not unduly prejudiced, Plaintiff has repeatedly failed to cure the deficiencies in his complaints, despite numerous opportunities to do so.  *See* Docket Nos. 1, 10, 11, 16, 27 (Plaintiff's previously filed Complaints).  "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984)).

For over a year and a half, this lawsuit has remained in the pleadings stage, as Plaintiff has filed and served several complaints, which Defendants have responded to each time with Motions to Dismiss.  *See* Docket Nos. 20, 28, 30, 31, 41 (Defendants' Motions

6

to Dismiss).  Plaintiff now seeks to amend the Complaint for a fourth time, despite ample time and opportunity from this Court to cure his Complaint's deficiencies.  Moreover, Plaintiff has had the assistance of appointed counsel since January 5, 2017.  *See* Docket No. 17.  With the assistance of counsel, Plaintiff filed a Third Amended Complaint approximately five months later, in June 2016.  *See* Docket No. 27.  Currently, Plaintiff and his counsel have had *over a year* to investigate the claims and the alleged persons involved that form the basis of his complaint.  Accordingly, Plaintiff has repeatedly failed to cure the deficiencies in his complaints, and should be denied leave to amend for a fourth time.

### 3.  Amendment of Plaintiff's Complaint Would Be Futile.

Additionally, amendment of the complaint would be futile in this matter.  The Third Circuit has held, "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  Thus, a motion to amend is properly denied where the claim to be added is barred by the applicable statute of limitations.  *Id.  See also Smith v. American Red Cross*, 876 F. Supp. 64 (E.D. Pa. 1994); *Glaziers and Glass Workers Union Local No. 252 Annuity Fund v. Janney Montgomery Scott, Inc.*, 155 F.R.D. 97 (E.D. Pa. 1994).

Here, Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against Officer O'Neill by alleging conduct that occurred in October 2014.  *See* Proposed Fourth Amended Complaint at ¶ 49.  However, Plaintiff did not institute suit against Officer O'Neill within the two year statute of limitations period that is applicable to § 1983 claims.  *McCreary v. Redevelopment Auth.*, 427 F. App'x 211, 214 (3d Cir. 2011) ("The statute of limitations

7

for a § 1983 claim arising in Pennsylvania is two years.") It has been approximately fifteen months since the statute of limitations ran on § 1983 claims against Officer O'Neill.

While Plaintiff argues that his Second Amended Complaint, initially filed on October 28, 2016, named Officer O'Neill as a Defendant, Officer O'Neill was never served with the complaint in compliance with the Federal Rules of Civil Procedure. Further, even if Officer O'Neill had been served with the Second Amended Complaint, the statute of limitations had already expired at the time the Second Amended Complaint was filed on October 28, 2014. While Plaintiff does not state when specifically Officer O'Neill allegedly "retaliated" against him, he alleges that he was transferred out of PICC to the Detention Center on October 24, 2014. *See* Proposed Fourth Amended Complaint at ¶ 51. Accordingly, his interactions with Officer O'Neill, a correctional officer at PICC, occurred prior to his October 24, 2014 transfer, and a complaint filed on October 28, 2016 is time barred. Thus, the amendment to Plaintiff's complaint is futile, and should not be allowed.

### a. The relation back provisions of Fed. R. Civ. P. 15(c) are inapplicable.

Federal Rule of Civil Procedure 15(c) provides that an amended pleading naming a new party will "relate back" if certain conditions are satisfied. These conditions are not met in the present case. An amended pleading naming a new party may be deemed to "relate back" when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the

period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C).

Plaintiff alleges that the claims asserted against Officer O'Neill in the Proposed Fourth Amended Complaint "arose out of the same conduct, transaction, or occurrence set out in the initial pleading." *See* Docket No. 46 at p. 8. [2]   However, Plaintiff's initial complaint, filed on July 18, 2016, references only his alleged September 14, 2014 stabbing by another inmate and the alleged deliberate indifference of Warden Bryant, Officer Watkins, the City and Corizon. *See* Docket No. 1 at p. 1-2.   The claims made against Officer O'Neill in the proposed Fourth Amended Complaint state that, in October 2014, Officer O'Neill allegedly retaliated against Plaintiff by telling other inmates he was a "rat." *See* Proposed Fourth Amended Complaint at ¶ 49.   These two pleadings do not share "a common core of operative facts", nor do they "restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading." *Anderson v. Bondex Int'l, Inc.*, 552

---

[2] To the extent that Plaintiff seeks to "relate back" to his Second Amended Complaint, filed initially on October 28, 2016, that complaint is time barred by the statute of limitations. *See supra.*

Fed. Appx. 153, 156-57 (3d Cir. 2014).  As such, Plaintiff has failed to establish that the proposed Fourth Amended Complaint relates back to his original pleading.

Furthermore, if the statute of limitations has run, a plaintiff cannot "change the party or the naming of the party" being sued unless he satisfies the conditions specified in Federal Rule of Civil Procedure 15(c)(1)(C).  *See* Fed. R. Civ. P. 15(c)(1)(C); *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003).  This means that the "parties to be brought in by amendment must have received notice of the institution of the action within [90] days following the filing of the action."  *See id.* at 220.  Absent evidence that the party to be brought in by amendment had actual notice of the lawsuit, a plaintiff must rely on the either the "shared attorney" method or the "identity of interest" method to add a new party to his lawsuit.  *See id.* at 222-23.[3]

A plaintiff seeking to rely on the "shared attorney method" must show that "notice of the institution of [an] action can be imputed to [a newly named defendant] . . . by virtue of representation [that the newly named defendant] shared with a defendant originally named in the lawsuit."  *See Singletary v. Pa. Dep't of Corrs*., 266 F.3d 186, 196 (3d Cir. 2001).  In order to make this showing, a plaintiff must plead facts which plausibly suggest

---

[3] Parties share an identity of interest when they "are so closely related in their business operations or other activities that the institution of the action against one serves to provide notice of the litigation to the other." *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 197 (3d Cir. 2001).  Plaintiff cannot rely on the "identity of interest" method in this case because there is no identity of interest between the named Defendants in Plaintiff's original complaint and Officer O'Neill. No such shared "identity" exists between the originally named defendants in this action and Officer O'Neill, and Plaintiff has not demonstrated any such identity of interest in his Motion to Amend. *See Brown v. McElwee*, 2012 WL 5948026, at *6 (E.D.Pa. Nov. 7, 2013) (declining to impute notice even though a police officer originally named in the complaint and not dismissed in the proposed amended complaint shared an office with a police officer proposed as a defendant).

that there was "some communication or relationship" between the attorney for an originally named party and the party to be added to a lawsuit. *See Garvin*, 354 F.3d at 225. Moreover, a plaintiff must adequately allege that this communication or relationship developed within 90 days of the filing of the lawsuit. *See id.*[4] If a plaintiff fails to plead facts which plausibly suggest a "shared representation or communication" between a newly named party and an attorney for the originally named party, then a court should not permit the newly named party to be sued. *See id.*

Here, Plaintiff has failed to plead facts in his Motion to Amend which plausibly suggest that Officer O'Neill and the undersigned counsel have communicated about this case, and he certainly has not pled facts which suggest that such communication occurred within the 90 day period. Since Plaintiff initiated this action on July 18, 2016, *see* Docket No. 1, he would have to plead facts, which plausibly suggest that the undersigned counsel and proposed Defendant O'Neill communicated about this case prior to October 16, 2016. That he cannot do. Therefore, Plaintiff cannot rely on the "shared attorney method," and the statute of limitations bars him from adding Officer O'Neill to this lawsuit, a year and a half after the first complaint was filed.

## III.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion to Amend the Caption and Complaint to Add Defendant Officer O'Neill.

---

[4] Although *Garvin* refers to a 120-day requirement rather than a 90-day requirement, Rule 15(c) requires that a newly named party receive notice of a lawsuit "within the period provided by Rule 4(m) for serving the summons and complaint," and this period was recently changed from 120 days to 90 days.

Date:  January 22, 2018                    Respectfully submitted,


                                           /s/ Shannon Zabel
                                           Shannon Zabel
                                           Assistant City Solicitor
                                           Pa. Attorney ID No. 321222
                                           City of Philadelphia Law
                                           Department
                                           1515 Arch Street, 14th Floor
                                           Philadelphia, PA 19102
                                           215-683-5114 (phone)
                                           215-683-5397 (fax)
                                           shannon.zabel@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANTE JACKSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 16-3892** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, the Defendants' Response in Opposition to

Plaintiff's Motion to Amend the Caption and Complaint was filed via the Court's electronic

filing system and is available for downloading.


Date:  January 22, 2018                                       Respectfully submitted,


                                                              /s/ Shannon Zabel
                                                              Shannon Zabel
                                                              Assistant City Solicitor
                                                              Pa. Attorney ID No. 321222
                                                              City of Philadelphia Law
                                                              Department
                                                              1515 Arch Street, 14th Floor
                                                              Philadelphia, PA 19102
                                                              215-683-5114 (phone)
                                                              215-683-5397 (fax)
                                                              shannon.zabel@phila.gov