# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANTE JACKSON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 16-cv-3892 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                                        **July 16, 2018**

Pending before the Court is Plaintiff's Motion for Leave to Amend the Caption and Complaint (ECF No. 46) and Defendants' Response in Opposition thereto (ECF No. 47).[1] For the following reasons, Plaintiff's Motion will be DENIED.

## I.     BACKGROUND

The procedural posture of this case is well-known to the parties, so the Court provides only a brief recitation of the background pertinent to the instant motion.

On July 18, 2016, Dante Jackson ("Plaintiff") initiated the instant action against the City of Philadelphia, Warden Karen Bryant, Officer Tanisha Watkins, and Corizon, Inc. with the filing a *pro se* Complaint. (Compl., ECF No. 1-1). He raised claims under 42 U.S.C. § 1983, alleging, *inter alia*, that while he was incarcerated at the Philadelphia Industrial Correctional Center ("PICC"), the City's failure to train and supervise "its wardens" caused Plaintiff to be "left in a foreseeable dangerous situation," and that after he suffered injuries at the hands of another inmate, Corizon, Inc.'s "negligent and careless" behavior caused him to sustain

---

[1] The Honorable C. Darnell Jones, II referred this motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, ECF No. 48).

"permanent complication of the mobility with left hand." (Compl. ¶¶ 16-17, ECF No. 1-1).

On October 28, 2016, Plaintiff filed a *pro se* motion to amend his complaint. (Mot. to Am. Compl., ECF No. 13). He sought, *inter alia*, to add Sergeant William Hubert, Officer Hakeem Wilson, Officer Mooney, Officer Rosa, Officer Frazier, Officer D. Johnson, and Officer O'Neil as defendants, and to assert additional facts. (*Id.*). The District Court granted this request, and ordered that Plaintiff's proposed amended complaint be docketed as a Second Amended Complaint.[2] (Order, ECF No. 15). On December 8, 2016, the Second Amended Complaint was docketed, and summonses were issued against each defendant named therein. (Second Am. Compl., ECF No. 16). The summons against Officer O'Neil was returned unexecuted on May 11, 2017, because "the Law Dep[artment] has no record of employee – cannot accept."[3] (ECF No. 23).

On May 10, 2017, Defendants City of Philadelphia, Warden Byrant, and Officers Frazier, Wilson, and Watkins filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 20). On June 9, 2017, Corizon, Inc. filed a Motion to Dismiss for Failure to State a Claim. (Mot. of Def. Corizon Inc. to Dismiss Pl.'s Second Am. Compl., ECF No. 26).

On June 26, 2017, Plaintiff filed a counseled Third Amended Complaint, without leave of Court. (Third Am. Compl., ECF No. 27; *see* Order 1, ECF No. 35). The following defendants were named therein: Corizon Health Inc.; Lieutenant Murray; Sergeant William Hober, who was "previously identified as 'Defendant Sergeant William Hubert'"; Officer Tanisha Watkins;

---

[2] Plaintiff previously filed a *pro se* motion to amend his complaint on August 22, 2016, seeking to add "Lieutenant Murray" as a defendant, which the district court granted. (Formal Request to File Am. Compl., ECF No. 7; Order, ECF No. 9; Am. Compl., ECF No. 11).

[3] The summonses against Warden Bryant, Corizon, Inc., and Officers Frazier, Watkins, and Wilson were returned executed, and the summonses against Lieutenant Murray and Officers Hubert and D. Johnson were returned unexecuted. (ECF Nos. 22, 23).

2

Officer Hakeem Wilson; Officer Stephen Frazier; Officer Thomas O'Neal; Officer D. Johnson; Officer Mooney; Officer Eddie Rosa; Defendant(s) John/Jane Joes 1-10. (*Third Am. Compl.* ¶¶ 4-14, ECF No. 27). On July 10, 2017, Defendants' various Motions to Dismiss Plaintiff's Second Amended Complaint and Third Amended Complaint – docketed at ECF Nos. 20, 26, and 27 – were dismissed as moot. (Order, ECF No. 29). On August 11, 2017, the District Court granted Petitioner leave to file the Third Amended Complaint, and ordered the Clerk to amend the caption to reflect the changes to the named defendants. (Order, ECF No. 35). Defendants have filed various motions to dismiss Plaintiff's Third Amended Complaint, which remain pending.[4] (*See* Defs.' Mem. of Law 5, ECF No. 47).

On January 8, 2018, Plaintiff filed the instant Motion for Leave to Amend the Caption and Complaint (ECF No. 46), seeking to name Officer Michael O'Neill Jr. as a defendant in place of the incorrectly-named Officer Thomas O'Neal, and to file a Fourth Amended Complaint. Plaintiff also asks for an additional thirty (30) days to serve Defendant O'Neill. Defendants Murray, Johnson, Rosa, Wilson, Mooney, Frazier, Watkins, O'Neal, and Hober (hereinafter "Defendant Officers" or "named Defendants") filed a Response, opposing Plaintiff's Motion. (Defs.' Resp. in Opp. to Pl.'s Mot. to Am. Caption and Compl., ECF No. 47 [hereinafter "Resp. in Opp."]).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that, after an answer has been filed, "a

---

[4] Defendants Frazier, Wilson, and Watkins filed a Motion to Dismiss on July 10, 2017 (ECF No. 28); Defendant Corizon, Inc. filed a Motion to Dismiss on July 18, 2018 (ECF No. 30); Defendants Huber, O'Neal, and Rosa filed a Motion to Dismiss on July 20, 2018 (ECF No. 31); and Defendants Murray, Johnson, and Mooney filed a Motion to Dismiss on October 29, 2018 (ECF No. 41).

party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and the Third Circuit has held that "motions to amend pleadings should be liberally granted." Fed. R. Civ. P. 15(a)(2); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). However, leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given the liberal standard of Rule 15(a), the party opposing amendment bears the burden of showing undue delay, bad faith, prejudice, or futility. *E.E.O.C. v. Hussey Copper Ltd.*, No. 08-809, 2009 WL 918298, at *1 (W.D. Pa. Apr. 2, 2009); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007). The decision to grant or deny a motion for leave to amend is within the sound discretion of the district court. *Cureton*, 252 F.3d at 272.

## III. ANALYSIS

Plaintiff seeks leave to amend the Complaint "to amend the caption and complaint to replace the misnamed Officer O'Neal with the correct Officer O'Neill." (Pl.'s Mem. of Law 8, ECF No. 46). The named Defendants oppose Plaintiff's Motion, arguing, *inter alia*, that amendment would be futile because "the statute of limitations has run and Plaintiff is unable to demonstrate the requirements of relation back in Fed. R. Civ. P. 15." (Defs.' Mem. of Law 3-4, ECF No. 47).[5] For the reasons explained in more detail below, the Court agrees with Defendant,

---

[5] The named Defendants also argue that "proposed Defendant O'Neill and named Defendants would be substantially prejudiced by amendment" and "Plaintiff has repeatedly failed to cure the deficiencies in his complaints despite ample time and opportunity over the course of a year and a half." (Defs.' Mem. of Law 3, ECF No. 47). Because the named Defendants' argument concerning relation back is dispositive of Plaintiff's Motion, the Court

4

and denies Plaintiff's Motion.

Claims brought under § 1983 are subject to the state's statute of limitations for personal injury actions, which in Pennsylvania, is two years. *Garvin v. City of Philadelphia*, 354 F. 3d 215, 220 (3d Cir. 2003); *Harry v. City of Philadelphia*, No. 03-661, 2004 WL 1387319, at *10 (E.D. Pa. June 18, 2004) (citing *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599-600 (3d Cir. 1998); 42 Pa. Cons. Stat. § 5524). "[T]he limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Harry*, 2004 WL 1387319, at *10 (quoting *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)).

"When a party 'seeks leave to file an amended complaint . . . naming a new party after the statute of limitations has expired, the requested leave may only be granted if that party demonstrates that the new claims or parties relate back to the filing date of the original complaint.'" *Brown v. City of Philadelphia*, No. 09-5157, 2010 WL 1956245, at *3 (E.D. Pa. May 7, 2010) (*quoting In re Estate of Grier v. Univ. of Pa. Health Sys.*, No. 07-4224, 2009 WL 1652168, at *2 (E.D. Pa. June 11, 2009)). The relation back of amendments is governed by Federal Rule of Civil Procedure 15(c), which outlines the conditions that must be met for an amendment to relate back to the original pleading. Federal Rule of Civil Procedure 15(c) states in pertinent part:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
> . . .
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)

---

declines to address these arguments.

> is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). The applicable time period provided by Rule 4(m) is 90 days. Fed. R. Civ. P. 4(m). If an amended complaint relates back to an original complaint, "the amended complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001).

Here, Plaintiff avers that Defendant O'Neill "retaliated against Plaintiff by telling other inmates that Plaintiff was a 'rat' who informed on the inmates that stabbed him, encouraging other inmates to intimidate and threaten violence against Plaintiff, threatening to assault Plaintiff [himself], and exhibiting other retaliatory conduct that caused Plaintiff to constantly fear that his physical safety was in jeopardy." (Fourth Am. Compl. ¶ 49, ECF No. 46-1). Although Plaintiff does not state when this occurred, Plaintiff alleges he was transferred from PICC to the City of Philadelphia Detention Center "[o]n or about October 24, 2014" (*id.* ¶ 51); thus, his interactions with Officer O'Neill, a Correctional Officer at PICC, must have occurred prior to that date. Therefore, any § 1983 claims arising from those interactions must have been brought against Officer O'Neill on or before October 24, 2016, at the latest. Plaintiff timely initiated the instant lawsuit on July 18, 2016. However, Plaintiff did not seek leave to amend his Complaint to name Officer O'Neill as a defendant until January 8, 2018, 539 days after filing the original Complaint and 441 days after the Pennsylvania statute of limitations expired.[6]

---

[6] Plaintiff "was transferred back to PICC for a brief period in July 2015," and then "subsequently transferred back to the Detention Center in September 2015." (Fourth Am.

Because the statute of limitations had long-since lapsed by the time Plaintiff sought leave to amend, the amendment may be permitted only if Plaintiff's Fourth Amended Complaint "relates back" to the original Complaint.[7] The proposed amendment will be deemed to "relate back" if it is established that: (1) the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading; (2) Officer O'Neill received actual or constructive notice of the institution of the action within 90 days after the original Complaint was filed, or by October 16, 2016; and (3) by October 16, 2016, Officer O'Neill knew or should have known that the action would have been brought against him, but for a mistake concerning his identity. The Court finds the first factor is not satisfied.[8]

The claims asserted against Officer O'Neill in the Fourth Amended Complaint do not arise "out of the same conduct, transaction, or occurrence set out – or attempted to be set out – in

---

Compl. ¶ 51, ECF No. 46-1). Assuming September 2015 is the starting point for the statute of limitations, the statute of limitations expired in September 2017, approximately three months before Plaintiff sought to add Officer O'Neill as a defendant. Thus, even using this later start date, the statute of limitations lapsed by the time Plaintiff sought leave to amend.

[7] Plaintiff has filed various amended Complaints since initiating this action. However, Rule 15(c) requires the Court to examine whether Plaintiff's proposed amendment relates back to "the original pleading." Fed. R. Civ. P. 15(c); *see also Kitko v. Young*, No. 10-189, 2013 WL 126324, at *1, 3-6 (W.D. Pa. Jan. 9, 2013), *aff'd*, 575 F. App'x 21 (3d Cir. 2014) (examining whether proposed Third Amended Complaint related back to original Complaint when plaintiff sought to amend Second Amended Complaint).

[8] Because the first factor is not satisfied, the Court need not consider the second and third. *See Garvin*, 354 F.3d at 222 ("In order to change 'the party or the naming of the party against whom . . . claim[s] [are] asserted,' both Rule [15(c)(1)(B) and (c)(1)(C)] must be satisfied."); *Singletary*, 266 F.3d at 194 ("The Rule is written in the conjunctive, and courts interpret [15(c)(1)(C)] as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly amended defendants"); *see also Pearson v. Williams*, No. 13-1988, 2015 WL 1061585, at *3 (M.D. Pa. Mar. 11, 2015) ("When a plaintiff seeks to add a new party, the plaintiff must demonstrate that all the requirements of Rule 15(c)(1)(C) are satisfied. Specifically, an amendment seeking to add new defendants relates back to the date of the original complaint only if it can satisfy [the] three-part conjunctive test[.]"); *McKoy v. Carter*, No. 09-4170, 2010 WL 11470887, at *6 n.6 (D.N.J. Apr. 16, 2010) ("Subsection 15(c)(1)(C) allows relation back to add a party if a three-part conjunctive test is met.").

the original pleading." *See* Fed. R. Civ. P. 15(c)(1)(A). The original Complaint avers that Warden Bryant and Officer Watkins "turned a blind eye" to Plaintiff's safety after he expressed concern for his safety because he had been labeled a "snitch," Defendant Corizon failed to provide him with necessary medical care after Plaintiff was stabbed by another inmate, and the City of Philadelphia "fail[ed] to train and supervise its wardens[.]" (Compl. ¶¶ 8-17, ECF No. 1-1). In contrast, the Fourth Amended Complaint that Plaintiff now seeks to file, avers that some of the named Defendants believed Plaintiff had information regarding an assault of the prison's social worker; after Plaintiff refused to sign false documents concerning this assault, Defendant Murray filed false claims that Plaintiff conspired with another inmate to assault the social worker; and Defendant O'Neill "retaliated against Plaintiff by telling other inmates that Plaintiff was a 'rat' . . . encourag[ed] other inmates to intimidate and threaten violence against Plaintiff, threaten[ed] to assault Plaintiff, . . . and exhibit[ed] other retaliatory conduct[.]" (Fourth Am. Compl. ¶¶ 20-27, 49, ECF No. 46-1). These two pleadings concern entirely different events, and do not share "a common core of operative facts." *See Anderson v. Bondex Intern., Inc.*, 552 F. App'x 153, 157 (3d Cir. 2014) (citing *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). The original Complaint did not provide "fair notice of the general fact situation and legal theory" upon which Plaintiff relies in the Fourth Amended Complaint. *See Tenon v. Dreibelbis*, 190 F. Supp. 3d 412, 416 (M.D. Pa. 2016) (quoting *Bensel*, 387 F.3d at 310) ("A common core of operative facts exists if 'the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds.'"). Thus, Plaintiff has not established that the Fourth Amended Complaint related back to his original pleading.

Because Plaintiff has failed to show that the claim alleged in the Fourth Amended Complaint arises "out of the same conduct, transaction, or occurrence set out . . . in the original

pleading," Plaintiff's Fourth Amended Complaint does not relate back to the date of the original. Thus, Plaintiff's claims against Officer O'Neill are barred by the statute of limitations, and Plaintiff's Motion will be denied as futile.

## IV.     CONCLUSION

For the reasons explained herein, Plaintiff's Motion for Leave to Amend the Caption and Complaint is DENIED.

An appropriate Order follows.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge